UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUDEL R. TORRES,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:17-cv-01453-DAD-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. Nos. 6, 8) |

This matter is before the court on defendant Ford Motor Company's ("Ford") motion for judgment on the pleadings. (Doc. Nos. 6, 8.) A hearing on the motion was held on May 1, 2018. Attorney Christopher Swanson appeared telephonically on behalf of plaintiff Raudel Torres. Attorney Russel Macarthur Mortyn appeared telephonically on behalf of defendant. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant defendant's motion for judgment on the pleadings.

**BACKGROUND**

This dispute arises from plaintiff's purchase of a 2006 Ford F-250 truck in February 2007. (Doc. No. 1-2, Ex. A ("FAC") at ¶ 8.) Plaintiff's FAC alleges as follows. Prior to purchasing the subject Ford F-250 truck, plaintiff received and read written promotional materials prepared by defendant Ford. (*Id.* at ¶ 21.) Among other representations, those promotional materials touted

1

the F-250 as "best in class," with "unsurpassed diesel horsepower" and the "longest lasting diesel motor." (*Id.*) Ford sales personnel also represented to plaintiff that the F-250 would offer superior power and tow capacity. (*Id.* at ¶ 25.) Relying on these written and verbal representations, plaintiff purchased the F-250 in Tulare, California on February 27, 2007. (*Id.* at ¶ 27.)

Subsequent to purchase, plaintiff began experiencing problems with the vehicle, including frequent oil and coolant leaks, surging while driving, overheating while driving, and emission of white smoke. (*Id.* at ¶ 28.) Plaintiff attempted to have these issues fixed on numerous occasions during the five-year engine warranty. (*Id.* at ¶ 32; Doc. No. 10 at 1.) Each time, however, the defendant's mechanics attempted to make repairs to the vehicle's engine but failed to permanently remedy the problems. (FAC at ¶ 30.) Defendant's mechanics informed plaintiff that they could not fix the vehicle if they could not duplicate the problem. (*Id.* at ¶ 32.)

Plaintiff alleges that defendant produced and sold the vehicle, knowing that it contained a defective engine, and that defendant offered limited repairs to customers that did not resolve the underlying defects but instead concealed the defects until the applicable warranties expired. (*Id.* at ¶ 35.) Plaintiff brought suit in Tulare County Superior Court on September 29, 2017. (Doc. No. 1 at 2.) Plaintiff subsequently filed a FAC on October 6, 2017, asserting six causes of action: (1) fraud in the inducement – intentional misrepresentation; (2) negligent misrepresentation; (3) fraud in the inducement – concealment; (4) fraud in the performance of contract – intentional misrepresentation; (5) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"); and (6) violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790 *et seq.* (*See* FAC at ¶¶ 123–311.)

Defendant filed its answer on October 23, 2017, and removed this case to federal court on October 26, 2017. (Doc. Nos. 1, 1-2, Ex. B.) On November 16, 2017, defendant filed the instant motion for judgment on the pleadings. (Doc. No. 6.) On February 20, 2018, defendant filed an amended notice of motion in connection with the instant motion, solely to document compliance with the undersigned's meet and confer requirement. (Doc. No. 8.) Plaintiff filed an opposition on April 17, 2018, and defendant filed its reply on April 19, 2018. (Doc. Nos. 10, 11.)

| | |
|---|---|
| 1 | **LEGAL STANDARD** |
| 2 | Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are |
| 3 | closed—but early enough not to delay trial—a party may move for judgment on the pleadings." |
| 4 | In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in |
| 5 | the complaint as true and construe them in the light most favorable to the nonmoving party." |
| 6 | *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). |
| 7 | The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) |
| 8 | motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, |
| 9 | "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving |
| 10 | party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall* |
| 11 | *Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v.* |
| 12 | *County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 |
| 13 | (noting that "judgment on the pleadings is properly granted when there is no issue of material fact |
| 14 | in dispute, and the moving party is entitled to judgment as a matter of law"). The allegations of |
| 15 | the nonmoving party must be accepted as true, while any allegations made by the moving party |
| 16 | that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church* |
| 17 | *Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to |
| 18 | the non-moving party and all reasonable inferences are drawn in favor of that party. *Living* |
| 19 | *Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). |
| 20 | Courts have discretion both to grant a motion for judgment on the pleadings with leave to |
| 21 | amend or to simply grant dismissal of causes of action rather than grant judgment as to them. |
| 22 | *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see* |
| 23 | *also Pac. W. Grp. v. Real Time Sols., Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008);[1] *Woodson v.* |
| 24 | *State of California*, No. 2:15-cv-01206-MCE-CKD, 2016 WL 524870, at *2 (E.D. Cal. Feb. 10, |
| 25 | 2016). Generally, dismissal without leave to amend is proper only if it is clear that "the |
| 26 | complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d |

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (noting that "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

**ANALYSIS**

Defendant moves for judgment on the pleadings on two grounds. First, defendant argues that plaintiff fails to state a claim for relief. Second, defendant contends that plaintiff fails to plead facts that excuse his noncompliance with the applicable statutes of limitations. As the statute of limitations issue may be dispositive of plaintiff's claims, the court considers it first.

Plaintiff initiated this action on September 29, 2017, almost eleven years after plaintiff purchased the vehicle at issue. California law sets a three-year statute of limitations for claims of fraud, a three-year statute of limitations for claims under the CLRA, and a four-year statute of limitations for claims under the Song-Beverly Act. *See* Cal. Civ. Proc. Code § 338 (fraud); Cal. Civ. Code § 1783 (CLRA); *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 213–15 (1991) (holding that although the Song-Beverly Act does not contain an express limitations period, the Act was intended to supplement the Uniform Commercial Code, which provides a four-year limitations period for breach of warranty).

**A. Delayed Discovery and Fraudulent Concealment**

Plaintiff contends that the statutes of limitations should be tolled under the delayed discovery rule because plaintiff did not discover the operative facts underlying his claims due to defendant's concealment of the defects of the 2006 Ford F-250 from consumers. (FAC at ¶¶ 73–76.) The delayed discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *WA Southwest2, LLC v. First Am. Title Ins.*, 240 Cal. App. 4th 148, 156 (2015). To invoke this rule, a plaintiff must plead: "(1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 157. The burden is on plaintiff to plead facts to show the inability to have made earlier discovery. *Samuels v. Mix*, 22 Cal. 4th 1, 14 (1999). Relatedly, under the doctrine of fraudulent concealment, "where a plaintiff has been injured by fraud and remains in ignorance of

4

it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered." *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).

Here, plaintiff alleges that he did not discover the existence of his claims until December 2, 2015, when the Ninth Circuit issued its ruling in *Daniel v. Ford Motor Co.*, 806 F.3d 1217 (9th Cir. 2015). (FAC at ¶ 72.) In *Daniel*, the Ninth Circuit held that California Civil Code § 1791.1, a provision of the Song-Beverly Act, does not create a deadline for a consumer to discover latent defects and give notice to the seller thereof. 806 F.3d at 1223. Plaintiff asserts that prior to *Daniel*, "[n]o amount of diligence by Plaintiff could have led to the discovery of these facts because they were kept secret by Ford and, therefore, Plaintiff was not at fault for failing to discover these facts." (FAC at ¶ 75.) Plaintiff states that he "did not know, nor could have known, about Ford's inability to repair the defects in its engines because, as alleged above, Ford kept this information highly confidential, and its dealership assured Plaintiff that its repairs were effective." (*Id.* at ¶ 76.)

Plaintiff's contention that he had no awareness of the facts underlying his claim prior to *Daniel* is irreconcilable with the factual allegations in the FAC. *Daniel* involved a class action suit alleging that Ford had breached implied and express warranties and committed fraud in the sale of model year 2005 to 2011 Ford Focus vehicles containing rear suspension defects. 806 F.3d at 1220. It is not at all clear how *Daniel*, which concerned a different Ford model vehicle with different alleged defects, would have alerted plaintiff to the facts underlying his claims in the instant action. Indeed, contrary to plaintiff's assertion that he had no knowledge of his claims until 2015, plaintiff alleges that upon purchasing the vehicle, he began experiencing various problems, including "frequent" oil and coolant leaks, surging while driving, overheating while driving, and emission of white smoke. (FAC at ¶ 28.) Plaintiff further alleges that he attempted to have the engine fixed "on many occasions," repeatedly bringing his vehicle to Ford for repairs during the five-year engine warranty. (*Id.* at ¶¶ 30, 32, 116; Doc. No. 10 at 1.) Though the dealership's mechanics tried various remedies, plaintiff alleges that the problems with the engine persisted. (FAC at ¶ 32.) The mechanics moreover informed plaintiff that they could not fix the vehicle if they could not duplicate the problem. (*Id.*)

5

The court concludes from these allegations that by February 2012—the end of the five-year warranty and well after the time plaintiff had sought repeated engine repairs—plaintiff possessed information sufficient to place him on inquiry notice of the vehicle's engine problems. Plaintiff also possessed information sufficient from which by exercise of reasonable diligence he could have learned the extent of the problems and their cause. *See Brandon G. v. Gray*, 111 Cal. App. 4th 29, 35 (2003) ("The period of limitations . . . will begin to run when the plaintiff has a suspicion of wrongdoing; in other words, when he or she has notice of information of circumstances to put a reasonable person on inquiry.") (internal citation and quotation marks omitted). Plaintiff's contradictory allegation that he did not become aware of the facts underlying this suit until December 2015 is of no consequence: the burden is on plaintiff to plead facts to show the inability to have made earlier discovery. *See Samuels*, 22 Cal. 4th at 14. Plaintiff has not satisfied his pleading burden. The FAC reflects that the three- and four-year limitations periods relevant to plaintiff's causes of action herein commenced no later than February 2012, and that plaintiff's claims against Ford were therefore barred when he filed his original complaint in September 2017.[2]

**B.** *American Pipe* **Tolling**

Plaintiff advances an additional theory that he is entitled to tolling, based on his putative class membership in several suits against Ford related to truck engine problems. (FAC at ¶¶ 77–117.) In *American Pipe & Construction Company v. Utah*, the Supreme Court held that, under certain circumstances, the filing of a class action tolls the applicable statute of limitations for class members who file subsequent actions. 414 U.S. 538, 552–56 (1974). The tolling period begins from the time the class action is filed until the time that class certification is denied, the

---

[2] Plaintiff's FAC also asserts that the statutes of limitations are tolled by the doctrine of equitable estoppel. (FAC at ¶¶ 118–22.) Equitable estoppel precludes a defendant from invoking the statute of limitations defense "when the defendant engaged in some conduct, reasonably relied upon by the plaintiff, which induces the belated filing of the action." *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 43 (1993). Although the parties' briefs do not address equitable estoppel explicitly, the court rejects this argument as well for the reasons described above. Even if defendant induced some delay on the part of plaintiff in filing this action, plaintiff was on inquiry notice by February 2012.

plaintiff opts out, or "the day the suit is conclusively not a class action." *Falk v. Children's Hosp. L.A.*, 237 Cal. App. 4th 1454, 1464 (2015).

Plaintiff cites four cases that he asserts tolled the running of the statute of limitations for the filing of his complaint in this action: (1) *Adams v. Ford Motor Co.*, a San Diego Superior Court case filed on January 25, 2012; (2) *Burns v. Navistar, Inc. and Ford Motor Co.*, filed in the Southern District of California on November 5, 2010; (3) *Custom Underground, Inc. v. Ford Motor Co.*, filed in the Northern District of Illinois on January 8, 2010; and (4) *In re Navistar 6.0 L Diesel Engine Prods. Liab. Litig.*, the multi-district litigation in which the three former cases were consolidated. (FAC at ¶¶ 77–117.) Plaintiff alleges that, pursuant to the reasoning of *American Pipe*, the statute of limitations should be tolled during the pendency of these class actions until November 2012, when plaintiff was defined out of the final settlement class. (*Id.* at ¶ 108.) Plaintiff contends that "[i]t was not until the settlement was approved and notice of the settlement was provided that Plaintiff was able to evaluate whether he was a part of the class."[3] (*Id.* at ¶¶ 83, 94, 105.)

The court need not decide whether plaintiff qualifies for tolling under the *American Pipe* doctrine, because even assuming for the sake of argument that the class actions toll plaintiff's claims here, plaintiff's filing of the instant action would nonetheless have been untimely. According to plaintiff, he is entitled to tolling from January 8, 2010, the filing of the earliest of the class actions, through November 2012, when plaintiff asserts that he was defined out of the final settlement class. (*Id.* at ¶ 107.) As the court concluded above that plaintiff was on inquiry notice by February 2012, applying *American Pipe* would toll the accrual of plaintiff's claims

---

[3] The court notes that plaintiff's argument for *American Pipe* tolling appears to contradict his argument in support of a finding of delayed discovery. Plaintiff asserts that the class actions involved "2003–2007 non-ambulance Ford vehicles . . . equipped with a 6.0-liter PowerStroke diesel engine" and factual allegations "substantially similar, if not identical to the facts alleged herein in Plaintiff's present individual action." (*See id.* at ¶¶ 79, 92, 103, 110.) Indeed, plaintiff states that these class actions alleged the *same* causes of action that plaintiff alleges here, including breach of express warranty, breach of implied warranty, and fraud. (*Id.* at ¶¶ 79, 88, 99, 103.) It is implausible that plaintiff was not on notice of the factual basis underlying his claims until December 2015, three years after plaintiff determined that he was defined out of the settlement class.

through November 2012. Yet plaintiff did not file his original complaint in this action until September 29, 2017, nearly five years later. Thus, regardless of whether plaintiff is entitled to tolling under *American Pipe*, plaintiff's claims were filed too late.

**C. Leave to Amend**

Plaintiff requests that, if the pending motion is to be granted, he be given leave to amend the first amended complaint. (Doc. No. 10 at 17.) "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *Cal. Architectural Bldg. Prods. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, the face of the FAC demonstrates that no later than November 2012, plaintiff was on notice of engine defects in the F-250. Not only had he taken his vehicle in for repairs "on many occasions" during the five-year warranty, but plaintiff also was aware at that time that he was not a member of various class actions based on "substantially similar, if not identical" facts alleging the same causes of action that plaintiff alleges here. (FAC at ¶¶ 32, 103.) It would be futile to permit plaintiff to amend his complaint because plaintiff cannot overcome the statute of limitations bar without contradicting these factual allegations. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading.") (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 996, 1003 (9th Cir. 2010).

**CONCLUSION**

The facts alleged in plaintiff's first amended complaint demonstrate that all of plaintiff's claims are barred by the applicable statutes of limitations. As such, the court need not address defendant's other arguments for failure to state a claim. For these reasons:

/////

/////

1. Defendant's motion for judgment on the pleadings (Doc. Nos. 6, 8) is granted;
2. Plaintiff's first amended complaint (Doc. No. 1-2, Ex. A) is dismissed with prejudice; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 3, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE